IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| SHEMIKA D. SPRAGUE, Individually and as Next Friend of G.S., a Minor, | § § § | |
| PLAINTIFFS, | § § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, *et al.*, | § § § § | 2:12-CV-030-J |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion, filed May 1, 2012, to dismiss, and the response, reply, and sur-reply thereto. For the following reasons, Defendants' motion to dismiss is granted.

### *Factual Background*

Defendants in this case are the Texas Department of Family and Protective Services (DFPS) and eight DFPS employees, who are sued in both their official and individual capacities.[1] Plaintiffs are Shemika D. Sprague, individually and as next friend and the natural mother of her minor child, Plaintiff G.S. Plaintiffs seek monetary damages in excess of five million dollars and injunctive relief, pursuant to 42 U.S.C. § 1983 and other statutes, as "back and front" lost income, future medical and mental health expenses, other compensatory damages, punitive damages and legal costs, for the alleged commission of acts in breach of Texas law while acting "under color of law" which deprived the Plaintiffs of rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Defendants seek dismissal of all of Plaintiffs' state and federal

---

[1] The eight DFPS employees sued in this lawsuit are: Joe Bill Jones, Christine Clardy, Georganna Ecker, Kristyn Gonzales, Connie Davis, Pam Pollard, Elizabeth Taylor, and Rudy Rivas.

claims, plus dismissal of the Plaintiffs' state-law based breach of a duty of good faith and fair dealing and breach of an alleged duty of confidentiality causes of action, on the basis of *res judicata* and/or a lack of standing.

### *Standards*

The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a). Rule 12(b)(1) & (6) motions therefore function to test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). To survive, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965).

Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. Pro. 8(a)(2)).

### Discussion and Analysis

First, Defendants argue that Plaintiff Sprague's claims are barred by *res judicata* pursuant to *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir. 1994)(setting forth requirements for *res judicata* to apply) because each of the claims Plaintiff Sprague now brings has either already been litigated, or could have been litigated, in an earlier lawsuit brought by the Plaintiffs. Defendants assert that the claims asserted in this second suit arise out of the same two instances — involving various DFPS-employee Defendants and their interactions with Plaintiffs in the performance of their official duties — that were the basis for twenty-one claims asserted in Plaintiffs' first lawsuit, *Smith v. State of Texas, et al.*, civil action number 2:10-CV-218-J, cited as 2011 WL 6039838 (N.D. Tex. Dec. 5, 2011).

Second, Defendants argue that Plaintiff Sprague does not have standing to assert claims on behalf of her minor child because non-licensed individuals may not use the next-friend device to engage in the unauthorized practice of law, citing *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978). As a non-licensed individual, they argue that *pro se* Plaintiff Shemika Sprague lacks standing to pursue claims on her natural daughter's behalf, so Plaintiff G.S's claims should also be dismissed.

For these two reasons, Defendants seek dismissal of all claims brought on behalf of Plaintiff G.S., by her mother Plaintiff Sprague, a non-lawyer *pro se* litigant, as well as all claims brought by Plaintiff Sprague individually.

### *Res Judicata*

Plaintiffs allege in this suit that Defendant DFPS, acting though its social worker employees, all while acting in an official capacity under the authority or color of state law, committed a series of unconstitutional acts which violated the clearly established constitutional rights of the Plaintiffs, causing harm to the Plaintiffs by the deprivation of their rights. Plaintiffs allege that the Defendants'

3

actions arose from an August, 2007, child abuse report made to DFPS. That report resulted from a knife fight between Shemika Smith and her child's father, Stanley Sprague. Subsequent to that initial report and upon Shemika Smith's positive drug test for cocaine, Plaintiff G.S. was removed from the home and placed in foster care. G.S. was eventually reunited with her natural mother after Mrs. Sprague had been forced to take classes on parenting skills, drug abuse and chemical dependency, after she had completed other types of counseling courses, and after she had suffered numerous in-home and out-of-home Texas Child Protective Service's child-welfare visits.

In addition to removal of her child from her home, Plaintiff Sprague complains in this lawsuit that in February of 2008 she applied for a permit to operate a registered child-care service in her home. After receiving a provisional permit, an investigation resulted in a November 7, 2008, notice of intent to revoke, and a February 9, 2009, notice of revocation, of Plaintiff's state license to operate a registered childcare facility within her home. Plaintiff alleges wrongful revocation in this suit.

On September 13, 2010, Plaintiff Shemika D. Smith (now Shemika D. Sprague) filed a *pro se* complaint listing at least twenty-one causes of action against different combinations of Defendants. Plaintiff Smith, on her own behalf and that of her minor child, sought hundreds of millions of dollars in damages and costs for claims alleged against the Defendants, plus injunctive relief. Smith sought recovery under multiple theories of law in the first civil case, 2:10-CV-218-J. This Court ruled that many of those causes of action did not exist as plead, almost all were barred by limitations, and that it would not retain jurisdiction of any state-law based claims after all of the federal claims had been dismissed upon the granting of summary judgment.

Defendants in the 2010 lawsuit were the State of Texas, the Texas Department of Family and Protective Services, the Texas Child Protective Services (CPS), DFPS' Child Care Licensing, which are two divisions within DFPS, a nonexistent "Family Based Support Services division" of DFPS,

and thirteen DFPS employees./ [2] Plaintiff's claims in that first lawsuit arose out of two distinct actions involving various DFPS-employee Defendants. Both claims involved Defendants' interactions with Plaintiff in the performance of official duties. The first instance involved the removal of Plaintiff Smith's minor child from her custody, which occurred from August 16, 2007, to November 29, 2007. The second instance involved an investigation resulting in a November 7, 2008, notice of intent to revoke, and a February 9, 2009, notice of revocation, of Plaintiff's state license to operate a registered childcare facility within her home. In short, the same factual allegations that are alleged in this second lawsuit.

Final judgment adverse to all of Plaintiff Sprague's federal claims was entered by this court on December 5, 2011./[3] It is upon that final judgment, which was not appealed, that Defendants basis their claim of *res judicata.*

*Res judicata,* also known as claim preclusion, bars successive litigation involving the same claims after a court of competent jurisdiction has entered a final judgment on the merits. *United*

---

[2] The 13 named DFPS employees within those two divisions, who were sued in both their official and individual capacities, were: Carol Herman, Rhonda Henderson, Georganna Ecker, Christine Clardy, Kristyn Gonzales, Denise Hall, Joe Bill Jones, Isabel McFarlane, Star Mills, Elizabeth Taylor, Connie Davis, Elisa Crawford, and Pam Pollard. In addition, Plaintiff sued up to 25 allegedly unknown Jane and John Doe defendants who allegedly engaged with the named Defendants in conspiracies to violate Plaintiff Smith's and her daughter's rights.

[3] Specifically as to all of Plaintiff's claims, that first final judgment stated in relevant part that the Court, having granted Defendants' motions to dismiss for failure to perfect process and for summary judgment, decreed that Plaintiff Shemika D. Smith take nothing from Defendants State of Texas, the Texas Department of Family and Protective Services, the Texas Child Protective Services, the Texas Department of Family and Protective Services, Child Care Licensing Division, the Texas Family Based Support Services Division of the Texas Department of Family and Protective Services, and individual Defendants Herman, Henderson, Ecker, Clardy, Gonzales, Hall, Jones, McFarlane, Mills, Crawford, and Defendants Jane and John Does on any of her causes of action. It was further decreed that Plaintiff Smith's claims against Defendants Davis, Pollard and Taylor were dismissed without prejudice for failure to timely perfect service of process; that Plaintiff Smith's state-law based claim alleging a breach of an alleged duty of confidentiality arising from revocation of her home childcare license was dismissed without prejudice; and that any claims Plaintiff Smith brought in that lawsuit on behalf of her minor child G.S. were dismissed without prejudice.

*States v. Tohono O'Odham Nation,* \_\_ U.S. \_\_, 131 S.Ct 1723, 1730, 179 L.Ed.2d 723 (2011)(two lawsuits are "for or in respect to" the same claims, precluding jurisdiction in federal court, if they are based on substantially the same operative facts, regardless of the relief sought in each suit); *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)("when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'")(*citing Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876)). The elements of *res judicata* are:

> (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits.

*Stevenson v. International Paper Co.,* 516 F.2d 103, 108 (5th Cir. 1975). *Accord Nilsen v. City of Moss Point,* 701 F.2d 556, 559 (5th Cir. 1983)(*en banc*). The "same cause of action" is determined by "if they are based on substantially the same operative facts, regardless of the relief sought." *Tohono O'Odham Nation, supra,* 131 S.Ct at 1730.

"If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented." *Stevenson, supra,* 516 F.2d at 108-09(citing *Baltimore S. S. Co. v. Phillips,* 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927)). "If these conditions are satisfied, claim preclusion prohibits either party from raising any claim *or defense* in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior

action." *Shanbaum, supra,* 10 F.3d at 310 (emphasis in original)(citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

There is no question that: 1) save one (Rudy Rivas),[4] the parties here are the same as in the first lawsuit, 2) final judgment in the first lawsuit was rendered by a court of competent jurisdiction, 3) there was a final judgment entered on the merits that was in favor of the Defendants in this second lawsuit and adverse to Plaintiff Shemika Sprague, 4) the same core of operative facts are involved in both suits, and 5) the same claims, causes of action, defenses, and/or legal and factual issues were and are either involved in both lawsuits, could have been presented by one or more of the parties in the first suit, and/or should have been presented by one or more of the parties in the first suit. Plaintiff Shemika Sprague's contentions in this second suit regarding the applicability of a tolling doctrine which might have prevented the running of the two-year statute of limitations governing her claims could have been, and should have been, presented in the first lawsuit. Therefore, the claims and causes of action which are now asserted in this second lawsuit were either actually litigated in the first lawsuit, or could have and should have been presented there. Plaintiffs' federal claims, upon all of which an adverse final judgment was entered in the first suit – specifically including all of the

---

[4] All of the Defendants in the second action, with the exception of Rudy Rivas, were named Defendants in *Smith v. State of Texas, et al.* (the first suit). Although Rudy Rivas was not a named defendant in the first action, he was identified by name in Plaintiff Smith's original complaint, identified as a CPS caseworker who was personally involved in the allegedly wrongful actions Shemika Smith (now Sprague) complained about. Rivas was then an employee of a named Defendant in the first action. Thus, Rivas could have – and should have been – sued in the first lawsuit (assuming he was not one of the 25 John Doe Defendants sued). Rivas was and is in privity with one or more named defendant employers in the first action. The required identity of interest may exist even where a person "did not directly participate in the [legal] proceedings and thus was not truly a 'party' to the prior litigation," if his or "her interests were adequately represented in the ... [first] proceeding." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992). *Accord Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975)("Under the federal law of *res judicata*, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."). "Federal law clearly governs the question whether a prior federal court judgment based on federal question jurisdiction is *res judicata* in a case also brought ... under federal question jurisdiction." *Aerojet-General, supra,* 511 F.2d at 715.

Plaintiffs' federal Fourth and Fourteenth Amendment constitutional claims asserted in this second lawsuit – are barred from being relitigated in this suit./[5]

### Standing as Next Friend

Allowing a person to appear as "next friend" in federal court can set a dangerous precedent, presenting a threat to the orderly and responsible representation of other persons, thereby harming their right to control their own case. *See Rosenberg v. U.S.*, 346 U.S. 273, 292, 73 S.Ct. 1152, 1162 97 L.Ed. 1607 (1953). Where a non-lawyer appears as a "next friend" for another, the question becomes whether allowing a person standing to take part in, or to take over, the case creates such a disorderly intervention that is more likely to prejudice than to help the person so represented. *Id.* Where such a precedent may be set, the Supreme Court has expressly discountenanced that practice. *Rosenberg, supra,* 346 U.S. at 292, (next friend standing disallowed for those reasons, even though brought by licensed counsel in a case where death was imminent).

Plaintiff Shemika D. Sprague sues on her own behalf and on behalf of her minor child, Plaintiff G.S. While a natural mother may in some circumstances appear as next friend for her incompetent child – through licensed counsel – *see Rumbaugh on Behalf of Rumbaugh v. McKaskle,* 730 F.2d 291 (5th Cir. 1984)(writ of habeas corpus by parent on behalf of Texas prisoner who had been sentenced to death) and *Hays v. Murphy,* 663 F.2d 1004 (10th Cir. 1981)(same), Shemika Sprague is not a licensed attorney. She brings this case *pro se.*

---

[5] The Court notes that Plaintiff Sprague's claims against Defendants Davis, Pollard and Taylor were dismissed without prejudice because of Plaintiff's failure to timely perfect service of process on these parties. However, at all relevant times all three of those Defendants were DFPS employees sued (in privity with their employer) in their official capacities. "Under the federal law of *res judicata* a party must raise all claims that are a part of or a defense to the cause of action under adjudication." *Aerojet-General, supra,* 511 F.2d at 718. In addition, as explained at length in the Court's July 15, 2011, and December 5, 2011, orders dismissing claims and granting summary judgment to Defendants in the first lawsuit, all of Plaintiff Sprague's official and individual capacity state and federal claims against Defendants Davis, Pollard and Taylor were without merit, or time barred *before* her first suit had been filed. *See* Exhibits A, B and C to Defendants' Rule 12 motion to dismiss.

A "next friend" may not file suit in every case in which the person allegedly harmed might file a complaint. *Weber v. Garza,* 570 F.2d 511, 513 (5th Cir. 1978). Individuals "not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Id.* at 514. "The 'next friend' expedient, which on occasion may be essential ..., may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Id.* Plaintiff must show in her complaint an adequate reason or explanation of the necessity for resort to the "next friend" device under the facts presented. *Id.* Plaintiff Shemika Sprague has not done so here.

Plaintiffs' amended complaint, filed February 3, 2012, states that July 30, 2010, the United States Social Security Administration "acknowledged that Plaintiff Shemika Sprague ... has been under a 'disability' for all times since the alleged onset date of November 07, 2008," and "was rendered entitlement to a period of Disability [sic] commencing on latter date and to appropriate Disability Insurance Benefits." While Plaintiffs' complaint in the second lawsuit does not state the precise nature of the disability, Plaintiffs' pleadings in the first lawsuit state that in 2008 Plaintiff Shemika Smith (now Sprague) was diagnosed by a medical professional as suffering from cocaine abuse, was subsequently diagnosed with major depression by Dr. Son Vi Nguyen, M.D., was also diagnosed with manic depression disorder, that she is receiving psychiatric treatment on a monthly basis at the Psychiatry Clinic of Amarillo, and that she has had several psychotropic medications prescribed for her.

Plaintiff Shemika Sprague has not shown that it is necessary or proper for her to resort to the "next friend" device under the facts presented here. Since Shemika Sprague is not qualified as a "next friend," Mrs. Sprague may not participate in the unauthorized practice of law by preparing legal papers, filing complaints and briefs, and generally acting as an attorney for her minor daughter

in violation of state and federal provisions governing the unauthorized practice of law. *See id.* The fact that she is the natural mother of her minor daughter does not automatically invest her with such authority under the specific facts presented here. *See id.* She is not entitled as an unlicensed lay person to represent her minor child in this Court in this case on these claims.

### *Conclusions*

This Court declining to exercise its supplemental jurisdiction, Plaintiff Shemika Sprague's state-law based claims alleging a breach of an alleged duty of confidentiality and a breach of the alleged duty of good faith and fair dealing are dismissed without prejudice. If Plaintiffs wish to pursue those claims they must do so in state court.

All claims Plaintiff Shemika D. Sprague attempts to bring in this lawsuit as next friend on behalf of her minor child G.S. are dismissed without prejudice.

All other claims brought by Plaintiff Shemika Sprague are dismissed with prejudice.

Final judgment will be entered in accordance with this memorandum opinion and order.

It is SO ORDERED.

Signed this the ____25th____ day of January, 2013.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE